Filed 8/26/13  P. v. Craig CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C070999 |
| Plaintiff and Respondent, | (Super. Ct. No. 07F09047) |
| v. | |
| KENT CRAIG, JR., | |
| Defendant and Appellant. | |

Pursuant to a plea agreement, defendant Kent Craig, Jr., pled to one count of robbery with a gun enhancement.  (Pen. Code,[1] §§ 211, 12022.5.)  At sentencing, the court ordered defendant to pay $1,718 in restitution directly to the victims for their losses from the robbery and $1,542 to the Victims of Violent Crimes Program (VVCP), pursuant to section 1202.4, subdivision (f).

On appeal, defendant contends the $1,542 restitution award to the VVCP is punishment and, as such, cannot be imposed on judicially determined facts without

---

[1] Further undesignated statutory references are to the Penal Code.

1

violating the Sixth Amendment, citing the recent United States Supreme Court case of *Southern Union Co. v. United States* (2012) 567 U.S. ___ [183 L.Ed.2d 318] (*Southern Union*), and *Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435] (*Apprendi*) as well as *Blakely v. Washington* (2004) 542 U.S. 296 [159 L.Ed.2d 403] (*Blakely*).

We conclude defendant was not entitled to a jury trial prior the imposition of the restitution order, and shall affirm the judgment.

## BACKGROUND

Defendant and an associate[2] ordered the three teenage victims to the ground and took their money, jewelry and shoes.

Charged with three robbery counts (one for each victim), defendant eventually entered a negotiated plea of no contest to one robbery count and admitted personally using a gun during the robbery, in exchange for a stipulated sentence. The other two robbery counts were dismissed with a *Harvey*[3] waiver for restitution.

The probation report stated that the three victims had incurred losses in connection with the robbery of $150, $690, and $878, respectively. It noted that one victim included "moving expenses" in his restitution claim; as to another victim, "[a]n additional amount of $1,542.00 is being requested for the Victim Compensation and Government Claims Board for reimbursement for relocation[.]"[4] Defense counsel secured a copy of the

---

[2] The associate was found guilty by jury of charges arising from these crimes.

[3] *People v. Harvey* (1979) 25 Cal.3d 754.

[4] No party challenges the trial court's designation of the restitution payment to the VVCP rather than to the Victim Compensation and Government Claims Board (Board)-- the entity designated by the probation report. We note only that it appears the VVCP operates under the authority of the Board. (See generally Gov. Code, § 13950 et seq. and Cal. Code Regs., tit. 2, § 649 et seq.; see also Stats. 1980, ch. 1229, § 5 [regarding reimbursement of expenses 'by the State Board of Control . . . under its Victims of Violent Crimes program, which is contained in Article 1 (commencing with section 13959) of . . . the Government Code'].)

2

probation report prior to sentencing.

At sentencing, the trial court imposed a prison term of six years and, as relevant to this appeal, ordered defendant to pay direct restitution to the victims of $1,718 (the sum of three individual awards of $150, $690, and $878, respectively) and to pay $1,542 to the VVCP. Defense counsel did not object.

## DISCUSSION

Defendant contends he was entitled to a jury determination of facts underlying the trial court's order that he pay $1,542 to the VVCP. We disagree.

In *Apprendi*, *supra*, 530 U.S. at p. 490 [147 L.Ed.2d 435], the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." As the Court explained in *Blakely*, *supra*, 542 U.S. at p. 303 [159 L.Ed.2d 403], "[T]he 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." (Some italics omitted.) It follows that a judgment may not "inflict[] punishment that the jury's verdict alone does not allow." (*Blakely*, *supra*, at p. 304.)

In *Southern Union*, the Court held *Apprendi* applies to the imposition of criminal fines. (*Southern Union, supra*, 567 U.S. at p. ___ [183 L.Ed.2d 318].) The statutory fine imposed in *Southern Union* was $50,000 for each day of violation; the trial court, rather than the jury, determined the number of days of violation. Because the amount of the fine was directly tied to the number of days of violation, the Court held the trial court's factual finding as to the number of days of violation ran afoul of *Apprendi*. (*Southern Union, supra*, 567 U.S. at p. ___ [183 L.Ed.2d 318].)

*Southern Union* does not support defendant's argument. First, unlike the criminal fine in *Southern Union*, the restitution to VVCP is direct victim compensation. The California Constitution provides in relevant part that "[r]estitution shall be ordered from

3

the convicted wrongdoer in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss." (Cal. Const., art. I, § 28, subd. (b)(13)(B).) Subdivision (f) of section 1202.4 implements the constitutional directive to require restitution for crime victims. A court must order "full restitution unless it finds compelling and extraordinary reasons for not doing so, and states them on the record." (§ 1202.4, subd. (f).) The statute expressly provides that restitution may, as here, include expenses incurred "in relocating away from the defendant." (§1202.4, subd. (f)(3)(I).) "If, as a result of the defendant's conduct, the Restitution Fund has provided assistance to or on behalf of a victim . . ., the amount of assistance provided shall be presumed to be a direct result of the defendant's criminal conduct and shall be included in the amount of the restitution ordered." (§ 1202.4, subd. (f)(2), (4)(A).) Thus, the statute mandates a victim restitution award regardless of whether the restitution is paid directly to a victim or to the Restitution Fund to the extent it incurred expenses on behalf of the victim. (§ 1202.4, subd. (f).)

Neither *Southern Union*, *Apprendi* nor *Blakely* have any application to direct victim restitution, because victim restitution is not a criminal penalty. (*People v. Pangan* (2013) 213 Cal.App.4th 574, 585.) Victim restitution is a substitute for a civil remedy so that victims of crime do not need to file separate civil suits; it is not increased "punishment." (*Ibid.*; see also *People v. Chappelone* (2010) 183 Cal.App.4th 1159, 1184 (*Chappelone*); *People v. Millard* (2009) 175 Cal.App.4th 7, 35 ["the primary purpose of a victim restitution hearing is to allow the People to prosecute an expedited hearing before a trial court to provide a victim with a civil remedy for economic losses suffered, and not to punish the defendant for his or her crime"]; accord, *People v. Harvest* (2000) 84 Cal.App.4th 641, 645, 650 [victim restitution does not constitute punishment for double jeopardy purposes].) To the extent a victim restitution order has the secondary purposes of rehabilitation of a defendant and/or deterrence of the defendant and others from committing future crimes, those purposes do not constitute increased punishment of

4

the defendant. (*People v. Millard, supra,* 175 Cal.App.4th at pp. 35–36; but compare *People v. Brown* (2007) 147 Cal.App.4th 1213, 1221.)

Moreover, the restitution statute itself characterizes victim restitution awards as civil (see § 1202.4, subd. (a)(3)(B) [victim restitution imposed pursuant to subdivision (f) "shall be enforceable as if the order were a civil judgment"]) and federal cases addressing the issue have likewise concluded that a restitution hearing does not implicate the Sixth Amendment right to a jury trial. (*Chappelone, supra,* 183 Cal.App.4th at p. 1184 [collecting the numerous federal cases holding that, because victim restitution does not constitute increased punishment for crime, judges may find the facts necessary to impose a restitution order].)

Having concluded the trial court did not err in imposing the restitution order without a jury determination of the restitution amount, we need not address defendant's argument that defense counsel rendered ineffective assistance in failing to object thereto.

## DISPOSITION

The judgment is affirmed.


<u>                    DUARTE                    </u>, J.


We concur:



<u>          NICHOLSON               </u>, Acting P. J.



<u>          MURRAY                    </u>, J.




5